Good morning, may it please the court, Glenn Jonas for repellent, Wayne Drizin. Good morning to my esteemed colleague, Mr. Tucci. There is one main overriding issue which influences the decisions that follow, and that issue is that once the government concedes and agrees that an instruction should be given, does that instruction have to be given correctly or is there now free reign to have numerous errors and misinstruct the jury based on a theory that the appellant was not entitled to the instruction in the first place? Second doesn't Well, you asked for it, didn't you? No, we did, and we and that's the point. In trials, parties gain certain advantages through stipulations, through waivers. It could be an argument that there was no foundation for the admission of evidence. It could be a jury waiver. Once that right is earned, it's earned, and so now the analysis with regard to error would follow from that point forward. There was a government saying, listen, he wasn't entitled to this instruction, so who cares if there was errors because he shouldn't have gotten it in the first place. But that's not where the analysis begins, and the reason it doesn't begin there is that the government conceded the issue. The government initially argued against it and, mid-argument, agreed that the instruction could be given. The government had an obligation. It could simply say, Your Honor, he's not entitled to the lesser-included offense. The government objects, and we want a continuing objection. Instead, what happened is, oh, I see that he is entitled to this, and we're going to move forward and advise the court. So everyone agreed at the trial that this instruction should be made, given, it was given, so where's the error? Okay. The error, then, is not in the issuance of the instruction, and that's the point that I need to have our heads wrap around. The error is in the giving of that instruction, in other words, the methodology of it. And so a lesser-included offense must attach to a specific count for the jury to deliberate. Under 3.12, the jury must consider each count as a simple, deadly weapon, and you have one lesser-included of simple assault. Which count are we talking about? How can the jury meaningfully deliberate if we don't attach the lesser to a specific greater? And then once we have a decision, how do we interpret it? Well, that's easy. Your counsel for the defendant argued or agreed or said, you know, one is perfectly appropriate because, as we all know, they've got, what was it, five or six or five counts or six counts of wire fraud, and all of that amounts to one count of securities fraud. That was an argument that was to have him found guilty of six counts of felony securities fraud. That wouldn't get him anywhere. Well, the counsel was wrong in agreeing to that in 3.12, and I don't think that's a valid argument. I think that argument was waived, but that didn't – he did not waive and it was never addressed whether the lesser-included offense attached itself to a specific count. That issue was never discussed, and the jury can't now meaningfully deliberate because it doesn't know what it's deliberating on, which one of these six wire transmissions constituted the count. In addition, the reasoning of the Court and counsel was wrong. Each wire transmission is a count of – sorry. Go ahead. Finish. I'm sorry. Eight securities fraud misdemeanor were then attached to each one of those counts, but let's accept that it was only going to – Okay. So you would say if you were standing here and they had charged your client with six counts of security – felony securities fraud when he sold one security to one victim, so he said, I'm going to sell you 50 shares of XYZ, and he said, he sends six wires to do that, you would say, yep, that's six counts of securities fraud, right? I would say, yes, it is, because it has the wire element. And that decision has already been made. Every time there's a wire transmission, you're now committing the crime. But let's accept for the sake of argument – You're committing what crime every time there's a wire transmission? Well – What crime are you committing? Securities fraud. Because it has the wire element as a requirement. But let's just – I wish we had that case there. I would love to hear you arguing that. Okay. My client should be found guilty of six counts of securities fraud because he sent one letter and five telephone calls. Let's say the defense concedes the issue for the sake of this argument. We still have one count, and it has to attach to a greater offense. Otherwise, the jury can't deliberate and decide where the lesser offense would apply. Are we reviewing for plain error? I think any way you cut it, in the end, it comes down to plain error. And there is – How can it be plain error if the consul clearly knew what the parameters were? It was – it seems from reading this transcript, it's perfectly clear the consul knew the alternatives. He didn't forfeit it. He waived it. No. On some issues, he waived it. For example, the issue about whether or not there would be six counts, that was waived. On the issue of whether or not it would attach to a specific count, that was never discussed. It was forfeited. It wasn't waived. Specific count? What specific count? The consul agreed and actually wanted the Court to say, we're only going to find him guilty of securities, felony securities fraud, if you don't find him guilty of – now, whether we say find him guilty or whatever – of the six counts, of any of the six counts. Clearly, that's what he wanted. He didn't want to be found guilty of six counts of securities fraud, and he didn't argue that. He said, you know, one count, that's what I want. You found him not guilty. You can't reach a conclusion or whatever it is on the first counts of wires fraud and then one count of securities fraud. I don't see anything. It seems he clearly knew what he was doing, or so it appears in the record. No. He didn't have any idea what he's doing. He wanted to make an election, and he thought that there was no choice. In other words, the election is, if jurors have any doubt on any element, they should turn to the lesser offense, which is why he was trying to go with the six count methodology. The court thought it was the opposite, that you don't have that election and that the law is the jury can't turn to it unless they acquit on all counts, which created a hurdle that doesn't exist under law. And so both the court and the counsel for the defense were wrong. The defendant tried to assert his election, and he was dissuaded when he was based on an incorrect understanding of the law. And this happened again and again. I tried to assert his election after the jury had been instructed and after the jury had been re-instructed on his question. He then says later on, oops, I think maybe I'd like to do it a different way. Is there a timing problem? There is a timing problem, and it's an issue that would have to be resolved by this Court. But I wouldn't go so far as to say it was untimely. It was better late than never. In other words, the jury hadn't made a decision yet. The jury was clearly confused by the errors that were in this instruction. They sent out a question, and the answer didn't illuminate. There were six counts, and the defendant would have been found guilty of all six or acquitted of all six based on the theory presented by both the government and the defense, which was either he had the intent or he didn't. It's an inconsistent compromise verdict over many, many days of deliberation, which followed evidence of confusion through the question. And in the end, you can't have a lesser-included offense not attached to a specific greater offense. So he was deprived of the benefit he gained when the government agreed to the instruction. It confused the jury and caused us not to have faith in that result. Do we want a conviction where we know that the judge was in error, the defense was in error, nobody really understood what they were doing? We can't have faith in that process. Thank you. Thank you. You have about a minute left for rebuttal. I'm sorry? You have about a minute left if you want to use it for rebuttal. Thank you. Good morning, Your Honors, Counsel. John Tucci for the government. I was trial counsel below. The manufacture of a lesser-included misdemeanor to wire fraud was done in this case by defense counsel deliberately and with calculation. It was not an accident, and it was calculated to get a chance at a misdemeanor, to reduce the exposure of the defendant here. Now, I understand that the defense doesn't want to own wholly that mistake now, because it didn't work out as it was calculated. But the argument that the government is somehow responsible for this instruction and the errors that follow, if there were errors, by not objecting to the end doesn't make sense, because that's not the test for invited error. As a preliminary matter, the government is not situated in the same way as appellant is. We don't have to preserve objections here. We're not appealing anything. We're not similarly situated. But more importantly, it is not the test. The invited error test, at least since Pettis in 1997, was that if the defendant is aware of the right that he's giving up and knowingly relinquishes it, that's the end of the deal. It's waived. We don't go to forfeit. We don't even go to plain error. It's waived. So what the government did here, whether ill-advised, good strategy, bad strategy, to try and manage this instruction once it became inevitable it was given, is immaterial, except to the extent that the government, by objecting initially, definitely made sure that the defendant was aware of the right he was giving up by pointing out, hey, there is no lesser included to wire fraud. And if there is, it isn't the securities fraud statute. The elements don't match. So in your view, what do we have to decide in this case? In my view, in the government's view, we simply have to decide, you simply have to decide that this was a knowing relinquishment of this right to the proper jury and all that flows after that then. It's waived. You don't even have to address the ---- Knowing relinquishment of what? Well, if you look in Pettis, it lays out where the problem in the ---- I'm not looking at Pettis. I'm just saying knowing relinquishment of what? Of the right to have a proper ---- of the right to have a jury instruction that was accurate on the law with regard to lesser included to wire fraud. If he was not entitled to a lesser included at all, it all becomes irrelevant, true? No. Well, it doesn't. I may not be understanding you. It doesn't become irrelevant in the sense that he was told there is no such thing. He still wants it. At the threshold, we ask ourselves, do we not, assuming the government didn't, as he said, waive it, he says, I want a lesser included. The government says, we object. Securities fraud is not a lesser included offense of wire fraud. If you apply the elements test, which you should, you might not have said all this, which you should, Judge, as opposed to applying some muzzy, fuzzy, well, the facts sort of relate them test, if you apply the Supreme Court's elements test, it ain't a lesser included. That's what the government says. The Court says, I'm going to give it anyway. The government says, all right. Now, if that's not a waiver, then he's not entitled to a lesser included in the first place, and he couldn't be harmed no matter what happened after that. Is that right? That is right. And so if we were ever to get to the plain error analysis, there's no prejudice, because what we end up with in the end is an up or down on the felonies. Right. So there's a threshold. So now we assume the government did flick it in and decide that a lesser included offense was great, okay, although it looks like you're instructed on the lesser included felony offense, right? He was. Yeah. Because you pointed out to the Court, if you're going to go to a lesser included misdemeanor offense, now you're really out of sync in terms of saying it's really lesser included, right? Actually, we did say that, but we also told the Court, if you want to make it a misdemeanor, you need to add this one more element. Precisely. And that makes it even worse, right? That's right. We pointed it out. He had knowledge. I know that. Exactly. Okay. So what happens then, the Court does instruct on the so-called lesser included, right? He says, we never agreed that the Court, we never agreed that there was only one lesser included and it only hooked on if you zap out all of the wire fraud offenses, correct? Do you disagree with that statement? Yes, I do. Because? Because in the record, we have a clear colloquy where this is pointed out and Mr. Ross, defense counsel at the time, agrees with the Court that there is only one misdemeanor for the six and it relates to the transaction, the sale transaction, as opposed to the six individual wires. And you would say that's a waiver and not a forfeiture because he clearly knew what the parameters were. Is that right? I would say it is a waiver, Your Honor. Okay. Okay. I guess I would also say that if it's not a waiver and it's a forfeiture and we go to plain error analysis, it's not even, it may not even be error, but it's definitely not plain error because at this point, extrapolating on the law, which is what was going on here, there is no clear precedent to make this plain. It may well have been right in that realm. Moving beyond the invited error point. As I said, the government still wins, even under the plain error analysis on all of those. I think we understand your position on that. You don't have to feel compelled to use the time. There are no questions. I do not. Thank you, Your Honor. Thank you. If Dreisen was acquitted of all six felony counts and found only guilty of the lesser, what would have happened? Well, the court would either have to send him on a misdemeanor or hold a hearing as to that element issue and reduce it to a misdemeanor. The statute is a Wilder statute. Or dismiss the count and do it again. But under that scenario, Dreisen benefits because he hasn't been convicted. So there was the potential for prejudice under this scenario, and there actually was. And if the government's not going to be held to their words and their acts on the record when they agree that instruction should be given, we're going to have a problem. So they agreed to the instruction and we have to give it correctly. It wasn't given correctly. And as to the issue of not attaching to a specific count, that wasn't waived. It wasn't discussed. It wasn't no law on that issue was discussed, and it's wrong. And so we can't have faith in the result. All right.  The matter just argued is submitted for decision.
judges: Schroeder, Canby, Fernandez